IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-65,462-01






EX PARTE MICHAEL P. HENDRIX, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005F00039 IN THE 5
TH JUDICIAL DISTRICT COURT


FROM CASS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
with a deadly weapon and was sentenced to six years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his plea was involuntary because he was not competent to enter the
plea, had not been properly advised as to the nature of the offense to which he was pleading, and was
unable to consult with counsel because the plea hearing was conducted via closed-circuit television. 
Applicant also contends that counsel was ineffective for failing to properly advise him as to the
nature of the charges prior to having him sign incomplete "fill-in-the-blank" plea documents, and
for failing to present evidence of his psychiatric problems. Finally, Applicant alleges that the
prosecution failed to disclose favorable evidence to the defense prior to the entry of the plea.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The court shall make findings as to whether there was any
evidence before the court that Applicant was not competent to enter the plea, and if so, what that
evidence was. If there was any such evidence, the court shall make findings as to what steps, if any,
were taken to determine Applicant's competency to enter the plea. 

 The trial court shall also make findings as to whether Applicant was present in open court
to enter the plea, and if not, whether and how he was able to consult with counsel. If the plea hearing
was conducted via closed-circuit television, the court shall make findings as to when and where
Applicant signed the plea documents, and as to what those plea documents contained at the time
Applicant signed them. The court shall make findings as to whether Applicant entered a judicial
confession, and if he did, the court shall supplement the habeas record with a copy of the judicial
confession. The court shall make findings as to whether counsel properly advised Applicant of the
nature of the offense to which he was pleading, and the applicable punishment range for that offense. 
 The court shall make findings as to whether the affidavit of non-prosecution signed by the
complainant was disclosed to the defense prior to the entry of the plea, and as to whether that
affidavit constituted material exculpatory evidence. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 11, 2006

Do not publish